Case 2:19-cv-08146-DMG-JC Document 7 Filed 09/20/19 Page 1 of 13 Page ID #:112

Lisa D. Angelo (SBN 229000)
  langelo@murchisonlaw.com
Jonathan Tarkowski (SBN 297599)
  jtarkowski@murchisonlaw.com
**MURCHISON & CUMMING, LLP**
801 South Grand Avenue, Ninth Floor
Los Angeles, California 90017-4613
Telephone: (213) 623-7400
Facsimile: (213) 623-6336

Attorneys for Defendant, COSTCO WHOLESALE CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MIRNA EILIZABETH MARTINEZ BARRERA,<br><br>Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION, and DOES 1 to 25, Inclusive,<br><br>Defendants. | CASE NO. 2:19-cv-08146-DMG-JC<br><br>**DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWER TO COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Trial Date:     None Set |

COMES NOW defendant COSTCO WHOLESALE CORPORATION (hereinafter "Defendant"), and for itself and itself alone, in answer to plaintiff MIRNA EILIZABETH MARTINEZ BARRERA's Complaint on file herein, admits, denies, and alleges as follows:

1.     Answering paragraph 1 of plaintiff's State Form Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies generally and specifically each and every allegation contained therein and the whole thereof.

2.     Answering paragraph 2 of plaintiff's State Form Complaint, Defendant admits the pleading is 5 pages.

3. There are no allegations contained in paragraphs 3 and 4 of plaintiff's State Form Complaint.

4. Answering paragraph 5 of plaintiff's State Form Complaint, Defendant admits it is a corporation.

5. There are no allegations contained in paragraphs 6 and 7 of plaintiff's State Form Complaint.

6. Answering paragraph 8 of plaintiff's State Form Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies generally and specifically each and every allegation contained therein and the whole thereof.

7. There are no allegations contained in paragraph 9 of plaintiff's State Form Complaint.

8. Answering paragraph 10 of plaintiff's State Form Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies generally and specifically each and every allegation contained therein and the whole thereof.

9. Answering paragraph 11 of plaintiff's State Form Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies generally and specifically each and every allegation contained therein and the whole thereof.

10. There are no allegations contained in paragraphs 12 and 13 of plaintiff's State Form Complaint

11. Answering paragraph 14 of plaintiff's State From Complaint, Defendant denies plaintiff is entitled to any form of damages as set forth in her prayer for relief.

12. There are no allegations contained in paragraph 15 of plaintiff's State Form Complaint.

/ / /

/ / /

## FIRST CAUSE OF ACTION
## PREMISES LIABILITY

13. Answering paragraph Prem.L-1 of the Attachment to plaintiff's State Form Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies generally and specifically each and every allegation contained therein and the whole thereof. To the extent the paragraph contains legal conclusions, no response to said conclusion is required and/or made by Defendant.

14. Answering paragraph Prem.L-2 of the Attachment to plaintiff's State Form Complaint, titled "Count One-Negligence," defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies generally and specifically each and every allegation contained therein and the whole thereof. To the extent the paragraph contains legal conclusions, no response to said conclusion is required and/or made by Defendant. Defendant is without specific knowledge to determine whether allegations regarding DOE defendants are accurate and therefore further denies the allegations contained in said paragraph on this additional ground.

15. Answering paragraph Prem.L-3 of the Attachment to plaintiff's State Form Complaint, titled "Count Two-Willful Failure to Warn," defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies generally and specifically each and every allegation contained therein and the whole thereof. To the extent the paragraph contains legal conclusions, no response to said conclusion is required and/or made by Defendant. Defendant is without specific knowledge to determine whether allegations regarding DOE defendants are accurate and therefore further denies the allegations contained in said paragraph on this additional ground.

16. There are no allegations contained Prem.L-4 and Prem.L-5 of the Attachment to plaintiff's State Form Complaint.

## SECOND CAUSE OF ACTION

## NEGLIGENCE

17. Answering paragraph GN-1 of the Attachment to plaintiff's State Form Complaint, defendant admits it has a store located at 8810 Tampa Ave., Northridge, Ca. 91324. As to the remaining allegations contained within said paragraph, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies generally and specifically each and every allegation contained therein and the whole thereof. To the extent the paragraph contains legal conclusions, no response to said conclusion is required and/or made by Defendant. Defendant is without specific knowledge to determine whether allegations regarding DOE defendants are accurate and therefore further denies the allegations contained in said paragraph on this additional ground.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action)

18. As a first and separate affirmative defense to each and every cause of action stated in plaintiff's Complaint, this answering defendant alleges that said causes of action fail to state facts sufficient to constitute a cause or causes of action against this answering defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

19. As a second and separate affirmative defense to each and every cause of action of plaintiff's Complaint, this answering defendant alleges that plaintiff's claim is barred by the statute of limitations as set forth in Code of Civil Procedure § 335.1 in that this action was not commenced within the time limit designated by said statute.

## THIRD AFFIRMATIVE DEFENSE

### (Comparative Negligence)

20. As a third and separate affirmative defense to each and every cause of action of plaintiff's Complaint, this answering defendant alleges that plaintiff was careless and negligent in and about the matters alleged in the Complaint, and that said carelessness and negligence on the part of the plaintiff proximately caused or contributed to the happening of the accident and to decedent's injuries, loss and/or damage, if any, allegedly sustained. Therefore, any damages awarded to plaintiff shall be precluded or diminished in proportion to the amount of fault attributed to plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

21. As a fourth and separate affirmative defense to each and every cause of action of plaintiff's Complaint, this answering defendant alleges that the injuries, losses, and/or damages if any, allegedly sustained by plaintiff, were and are the result of an open, obvious, and apparent danger which was known to and recognized by the plaintiff, but who nevertheless knowingly, willingly, intentionally, and voluntarily exposed herself to said danger, thereby assuming the risk of accident, injury, and damage.

## FIFTH AFFIRMATIVE DEFENSE

### (Open and Obvious)

22. As a fifth and separate affirmative defense to each and every cause of action of plaintiff's Complaint, this answering defendant alleges that the injuries, losses, and/or damages sustained by plaintiff, if any, were the result of an open and obvious condition of the premises of this answering defendant, thereby releasing defendant from liability.

///
///
///

## SIXTH AFFIRMATIVE DEFENSE

### (Notice)

23. As a sixth and separate affirmative defense to each and every cause of action of plaintiff's Complaint, this answering defendant alleges that it did not create any dangerous condition and had no notice, actual or constructive, of the allegedly dangerous condition set forth in plaintiff's Complaint. Therefore, defendant cannot be held liable for such condition.

## SEVENTH AFFIRMATIVE DEFENSE

### (Trivial Defect)

24. As a seventh and separate affirmative defense to each and every cause of action of plaintiff's Complaint, this answering defendant alleges that the injuries, losses and/or damages sustained by plaintiff, if any, were caused by a trivial defect in the condition of the premises of this answering defendant, thereby releasing defendant from liability.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unforseeability)

25. As an eighth and separate affirmative defense to each and every cause of action of plaintiff's Complaint, this answering defendant alleges that the risk of injuries, losses and/or damages sustained by plaintiff, if any, were not foreseeable to defendant.

## NINTH AFFIRMATIVE DEFENSE

### (Superseding Cause)

26. As a ninth and separate affirmative defense to each and every cause of action of plaintiff's Complaint, this answering defendant alleges that the incident alleged in plaintiff's Complaint, and the damages that plaintiff allegedly sustained were caused by intervening and superseding causes of persons or entities other than this answering defendant for whom this answering defendant is not responsible and over whom this answering defendant had no control.

## TENTH AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

27. As a tenth and separate affirmative defense to each and every cause of action of plaintiff's Complaint, this answering defendant alleges that plaintiff failed to mitigate or minimize damages, if there were any, in that plaintiff failed to properly maintain, control, inspect or otherwise conduct her activities, and otherwise failed to take adequate measures to minimize her damages, if any were incurred.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Laches)

28. As an eleventh and separate affirmative defense to each and every cause of action of plaintiff's Complaint, this answering defendant alleges that plaintiff's action is barred under the equitable doctrine of laches.

## TWELFTH AFFIRMATIVE DEFENSE

### (Waiver)

29. As a twelfth and separate affirmative defense to each and every cause of action of plaintiff's Complaint, this answering defendant alleges that plaintiff's action is barred by the equitable doctrine of waiver.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

30. As a thirteenth and separate affirmative defense to each and every cause of action of plaintiff's Complaint, this answering defendant alleges that, due to plaintiff's own acts, plaintiff's action is barred by the equitable doctrine of estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

31. As a fourteenth and separate affirmative defense to each and every cause of action stated in the Complaint, this answering Defendant alleges that plaintiff is barred from bringing this action by virtue of the doctrine of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Apportionment of Fault)

32. As a fifteenth and separate affirmative defense to each and every cause of action of plaintiff's Complaint, this answering defendant alleges that third parties were careless and negligent in and about the matters alleged in the Complaint, and that said carelessness and negligence on the part of said third parties proximately contributed to the happening of the accident and to plaintiff's injuries, losses and/or damages, if any, allegedly sustained. Therefore, any damages awarded to plaintiff shall be diminished in proportion to the amount of fault attributed to said third parties.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Proposition 51)

33. As an sixteenth and separate affirmative defense to each and every cause of action of plaintiff's Complaint, this answering defendant alleges that should this answering defendant be found liable to plaintiff, based upon any theory or cause of action contained in the Complaint, this answering defendant shall, in relation to non-economic damages pursuant to Civil Code § 1431.2, be liable only for the amount of non-economic damages allocated to this answering defendant, in direct proportion to this answering defendant's percentage of fault, as determined by the trier of fact, and this answering defendant is entitled to and shall request, a separate judgment to be rendered against this answering defendant, setting forth said amount.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Indemnification/Contribution)

34. As a seventeenth and separate affirmative defense to each and every cause of action of plaintiff's Complaint, this answering defendant alleges that whatever damages, if any, were or might be sustained by plaintiff is due to the negligence of persons or entities other than this answering defendant; however, in the event that a finding is made that this answering defendant is somehow responsible for the damages

alleged in the Complaint, this defendant is entitled to indemnity and/or contribution from such persons or entities in direct proportion to their respective fault.

## EIGHTEENTH AFFIRMATIVE DEFENSE

35. As an eighteenth and separate affirmative defense to each cause of action in plaintiff's Complaint, this answering defendant alleges that plaintiff is not entitled to recover for economic damages not actually incurred. To that end, plaintiff's recovery for actual damages must be reduced by the amount forgiven, adjusted, or otherwise provided by any healthcare provider, any healthcare insurance company, Medicare, or any other collateral source. This is required whether or not plaintiff is still responsible for such reduction, and whether the reduction was provided as a result of contract, for some other consideration, or simply gratuitous.

## NINETEENTH AFFIRMATIVE DEFENSE

36. As a nineteenth and separate affirmative defense to each cause of action in plaintiff's Complaint, this answering defendant alleges that plaintiff is not entitled to recover for economic damages not actually incurred. To that end, plaintiff's recovery for actual damages must be reduced by the amount of lost earnings that were provided by Plaintiff's employer that were not required to be paid, but were gratuitously paid nevertheless. This reduction is required because plaintiff is not responsible for reimbursement of such earnings, and would result in an improper windfall to plaintiff.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Reservation of Defenses)

37. As an eighteenth and separate affirmative defense to each and every cause of action of plaintiff's Complaint, this answering defendant presently has insufficient knowledge or information on which to form a belief as to whether this answering defendant may have additional, as yet unstated, defenses available. Accordingly, this answering defendant reserves the right to assert such additional defenses that are proper as discovery, investigation, or analysis indicates.

1     WHEREFORE, this answering defendant prays that Plaintiff MIRNA
2 EILIZABETH MARTINEZ BARRERA take nothing by way of her complaint and that
3 this answering defendant be dismissed with prejudice and with costs of suit and/or for
4 such other relief as the court deems just and proper.

6 DATED: September 20, 2019     **MURCHISON & CUMMING, LLP**

8     By:     /s/ *Lisa D. Angelo*
9                  Lisa D. Angelo
                    Jonathan Tarkowski
10                 Attorneys for Defendant, COSTCO
11                 WHOLESALE CORPORATION

## DEMAND FOR JURY TRIAL

Defendant COSTCO WHOLESALE CORPORATION hereby requests a jury trial in the above matter.

DATED: September 20, 2019        **MURCHISON & CUMMING, LLP**

By: ___*/s/ Lisa D. Angelo*___
Lisa D. Angelo
Jonathan Tarkowski
Attorneys for Defendant, COSTCO WHOLESALE CORPORATION

# PROOF OF SERVICE

**Mirna Eilizabeth Martinez Barrera vs. Costco Wholesale**
**19STCV27762**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 South Grand Avenue, Ninth Floor, Los Angeles, CA 90017-4613.

On September 20, 2019, I served true copies of the following document(s) described as **DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWER TO COMPLAINT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION**: Pursuant to the E-Filing System of the United States District Court, Central District of California, to the parties at the e-mail addresses on the Court's website.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 20, 2019, at Los Angeles, California.

Marian R. Wahlquist

**SERVICE LIST**
**Mirna Eilizabeth Martinez Barrera vs. Costco Wholesale**
**19STCV27762**

| | |
|---|---|
| Derek L. Tabone<br>Law Offices Of Derek L. Tabone<br>6454 Van Nuys Boulevard<br>Suite 210<br>Van Nuys, CA 91401<br>Telephone: 818-785-5000 | Attorneys for Plaintiff |